22-6319-ag
Garcia Carrera v. Garland

# United States Court of Appeals
# for the Second Circuit

August Term, 2023

(Submitted: November 1, 2023      Decided: July 3, 2024
Amended: September 3, 2024)

Docket No. 22-6319-ag

_____

MIGUEL ANGEL GARCIA CARRERA,

*Petitioner*,

v.

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

*Respondent*.

Before:

LOHIER, NARDINI, and ROBINSON, *Circuit Judges*.

Petitioner Miguel Angel Garcia Carrera is a nonpermanent resident and a native and citizen of Mexico. He seeks review of a June 6, 2022 decision of the Board of Immigration Appeals affirming a July 16, 2019 decision of an Immigration Judge denying his application for cancellation of removal. *Matter of Garcia Carrera*, No. A205 308 075 (B.I.A. June 6, 2022), *aff'g* No. A205 308 075

(Immig. Ct. N.Y.C. July 16, 2019). Garcia Carrera argues that he is eligible for cancellation of removal because his removal would cause exceptional and extremely unusual hardship to his daughter, who is a citizen of the United States. The agency concluded that the hardships his daughter might experience were not "exceptional" and "extremely unusual" as required under 8 U.S.C. § 1229b(b)(1)(D). Because the agency did not err in denying Garcia Carrera's application for removal, the petition for review is **DENIED**.[1]

Miguel Angel Garcia Carrera, *pro se*, Middletown, NY, *for Petitioner*.

Brian M. Boynton, Principal Deputy Assistant Attorney General; Sarah A. Byrd, Song Park, Senior Litigation Counsel; Robert P. Coleman III, Trial Attorney, James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, *for Respondent*.

PER CURIAM:

Miguel Angel Garcia Carrera, a native and citizen of Mexico, is a nonpermanent resident who is proceeding on appeal without counsel. After the Department of Homeland Security placed him in removal proceedings for entering the United States without inspection, Garcia Carrera filed an application

---

[1] This opinion was originally filed on July 3, 2024. *See Garcia Carrera v. Garland*, 106 F.4th 229 (2d Cir. 2024). On August 16, 2024 the United States filed a motion to amend the opinion to clarify this Circuit's interpretation of the Supreme Court's opinion in *Wilkinson v. Garland*, 601 U.S. 209 (2024). Because we agreed that our opinion risked being misconstrued, we granted the motion and now issue this opinion with minor changes.

for cancellation of removal on the basis that his removal would cause exceptional and extremely unusual hardship to his daughter. The Board of Immigration Appeals (BIA) affirmed the decision of the Immigration Judge (IJ) denying Garcia Carrera's application. The agency concluded that the hardships Garcia Carrera's daughter might experience were not "exceptional" and "extremely unusual" as required under 8 U.S.C. § 1229b(b)(1)(D). Garcia Carrera then appealed to this Court, arguing that the agency mischaracterized and overlooked evidence that his removal would cause his daughter, a citizen of the United States, to suffer exceptional and extremely unusual hardship.

Initially, the Government contended that we lacked jurisdiction to review Garcia Carrera's claim because the hardship determination is committed to agency discretion by law. Following the Supreme Court's decision in *Wilkinson v. Garland*, 601 U.S. 209 (2024), however, the Government concedes that we have jurisdiction to review Garcia Carrera's claim. The Government nonetheless maintains that the agency did not err in denying Garcia Carrera's application for removal. Because we have authority to review the agency's hardship determination and because the agency did not err in concluding that Garcia Carrera failed to demonstrate the requisite hardship, we **DENY** the petition.

3

Garcia Carrera illegally entered the United States in 2002. He briefly returned to Mexico for two months in 2005 but has remained in the United States since he reentered later that year. In 2012, following his arrest for driving while intoxicated, the Department of Homeland Security placed him in removal proceedings for entering without inspection. He conceded removability and applied for cancellation of removal. Garcia Carrera alleged that his removal would cause his daughter, a United States citizen who was nine years old at the time of his hearing, to suffer "exceptional and extremely unusual hardship." 8 U.S.C. § 1229b(b)(1)(D).

After a 2017 merits hearing, the IJ denied Garcia Carrera's petition for cancellation of removal. The IJ concluded that Garcia Carrera had not demonstrated the requisite hardship to his daughter because he adduced no evidence that she had serious mental or physical health conditions and failed to show that his return to Mexico would cause exceptional emotional hardship beyond the "normal emotional impacts . . . faced by almost every family in a position of being required to depart the United States." CAR at 59–64. The BIA agreed with the IJ's determination that Garcia Carrera failed to establish the

4

requisite hardship because his daughter, who would remain in the United States with her mother, had no serious physical or mental disabilities. Garcia Carrera, proceeding without counsel, then appealed to this Court.

While the appeal was pending, the Supreme Court granted certiorari in *Wilkinson v. Garland*, 601 U.S. 209 (2024) to address whether the agency's exceptional and extremely unusual hardship determination "is a mixed question of law and fact reviewable under [8 U.S.C.] § 1252(a)(2)(D) or whether this determination is a discretionary judgment call that is unreviewable under § 1252(a)(2)(B)(i)." *Wilkinson*, 601 U.S. at 217 (cleaned up). We then issued an order holding this case in abeyance pending the Supreme Court's decision in *Wilkinson* and requested supplemental briefing from the parties. On March 19, 2024, the Supreme Court issued its decision.

## DISCUSSION

We consider both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). A nonpermanent resident may have removal cancelled by, in relevant part, establishing "that removal would result in exceptional and extremely unusual hardship to [a] spouse, parent, or child, who is a citizen of the United

5

States or [a noncitizen] lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). The hardship to a qualifying relative "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quotation marks omitted). When assessing hardship, the agency considers "the ages, health, and circumstances of qualifying . . . relatives," *id.* at 63, and must consider the cumulative effect of those hardships, *see In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002).

Our jurisdiction to review the agency's denial of cancellation of removal is limited to "constitutional claims" and "questions of law." 8 U.S.C. § 1252(a)(2)(B)(i), (D). For purposes of § 1252(a)(2)(D), "questions of law" include "[t]he application of a statutory legal standard (like the exceptional and extremely unusual hardship standard) to an established set of facts." *Wilkinson*, 601 U.S. at 212. We need not determine the precise standard of review applicable to each of Garcia Carrera's claims because, even considering them *de novo*, we discern no error.

Because it is now clear that Courts of Appeals have jurisdiction to review the agency's exceptional and extremely unusual hardship determination, *see*

6

*Wilkinson*, 601 U.S. at 212, we address the merits of Garcia Carrera's claims. He argues that the agency mischaracterized and overlooked evidence that his removal would cause exceptional and extremely unusual hardship to his daughter. He also argues that the agency did not sufficiently consider his daughter's mental health conditions, the seriousness of those conditions, or the cumulative effect of the hardships she endured. We are not persuaded.

As an initial matter, the IJ correctly stated the applicable legal standards. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. at 62–63. The IJ addressed the hardships that Garcia Carrera claimed his daughter would suffer, and there is no indication that the IJ failed to consider other relevant evidence. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before [her], unless the record compellingly suggests otherwise."). The IJ also considered Garcia Carrera's testimony and a report from the psychotherapist who had examined his daughter. Garcia Carrera insists that the agency focused only on his daughter's current condition and failed to consider the risk that her condition could worsen or that she could face future hardships triggered by his removal. But the BIA acknowledged Garcia Carrera's argument that his daughter's mental health

could worsen and simply determined that even these potential hardships were not "exceptional and extremely unusual." 8 U.S.C. § 1229b(b)(1)(D).

On this record, we find no error in the agency's conclusion that the established facts did not demonstrate the requisite hardship. *See In re Monreal-Aguinaga*, 23 I. & N. Dec. at 62

## CONCLUSION

We have considered Garcia Carrera's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is **DENIED**. All pending motions and applications are **DENIED** and stays **VACATED**.