23-6856
Singh v. Bondi

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand twenty-five.

PRESENT:
        DENNIS JACOBS,
        SUSAN L. CARNEY,
        MYRNA PÉREZ,
                *Circuit Judges.*

_____

DALJEET SINGH,

        *Petitioner*,

        v.                                                      No. 23-6856

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,

        *Respondent*.

_____

**FOR PETITIONER:**                    JUDY RESNICK, Law Office of Judy Resnick, Far Rockaway, NY.

**FOR RESPONDENT:**                    JESI J. CARLSON (Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, Jonathan A. Robbins, Assistant Director, Office of Immigration Litigation, Zoe J. Heller, Senior Litigation Counsel, Office of Immigration Litigation, *on the brief*), Senior Litigation Counsel, Civil Division, U.S. Department of Justice.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Daljeet Singh, a native of India, seeks review of the BIA's decision affirming the Immigration Judge's ("IJ's") denial of cancellation of removal under 8 U.S.C. § 1229b(b)(1). *See In re Daljeet Singh*, No. A205-240-785 (B.I.A. July 6, 2023), *aff'g* No. A205-240-785 (Immigr. Ct. N.Y. City Feb. 27, 2019). He asserts that (1) the agency incorrectly applied the "exceptional and extremely unusual hardship" standard in evaluating his eligibility for cancellation relief, *see* 8 U.S.C. § 1229b(b)(1)(D); and (2) the agency proceedings violated his due process rights. We assume the parties' familiarity with the remaining underlying facts and the procedural history, which we recount only as necessary to explain our decision.

Here, because the BIA "adopt[ed] the IJ's reasoning and offer[ed] additional commentary, we review the decision of the IJ as supplemented by the BIA." *See Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) (citation omitted). We have jurisdiction to review final orders of removal that turn upon "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

2

Our jurisdiction extends to the proper "application of the statutory 'exceptional and extremely unusual hardship' standard to a given set of facts," but our review in this posture is "deferential." *See Wilkinson v. Garland*, 601 U.S. 209, 221, 225 (2024).[1] "The facts underlying any determination on cancellation of removal . . . remain unreviewable." *Id*. at 225. In addition, we review constitutional claims or pure questions of law de novo. *See Dale v. Barr*, 967 F.3d 133, 138 (2d Cir. 2020).

## I. The Statutory "Exceptional and Extremely Unusual Hardship" Standard

To establish eligibility for cancellation of removal, a non-permanent resident must show, among other things, that "removal would result in exceptional and extremely unusual hardship" to a qualifying relative who is "a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). Singh claims his removal will result in three forms of hardship to his two qualifying U.S. citizen children: (1) medical hardship, because the air pollution in India will aggravate their allergies; (2) financial hardship, because Singh claims he would be unable to find employment in his home country to support his family; and (3) education-related hardship, because Singh's children are not fluent enough in Punjabi to attend school there.[2]

---

[1] While the precise contours of our "deferential" review remain an open question in this Circuit, our decision on the merits does not turn on the applicable standard of review.

[2] In its brief, the government contends that Singh is barred from raising his financial hardship argument on appeal because he failed to raise, and therefore exhaust, that argument before the BIA. Gov't's Br. 12–13. The BIA nonetheless addressed the financial hardship argument that Singh raised before the IJ, and thus we may review the merits of that argument on appeal. *See Ojo v. Garland*, 25 F.4th 152, 160 (2d Cir. 2022) ("[W]here the BIA addressed a claim not raised on appeal, the claim may be deemed exhausted and reviewed by this Court.").

The agency did not err in determining that none of these claimed hardships qualifies as "exceptional and extremely unusual" under § 1229b(b)(1)(D).[3]

To begin, the agency applied the appropriate standard. "The hardship to a qualifying relative 'must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country.'" *Garcia Carrera v. Garland*, 117 F.4th 9, 12 (2d Cir. 2024) (alterations accepted) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001)). In assessing hardship, the agency considers "the ages, health, and circumstances of qualifying . . . relatives" cumulatively. *Id*. (quoting *Monreal-Aguinaga*, 23 I & N. Dec. at 63) (citing *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002)).

Singh has identified no salient piece of information that the IJ failed to consider. *See* Oral Arg. Audio Recording at 8:27–9:13. And insofar as the claimed hardships hinge on the children's traveling to India if Singh were to be removed, the evidence adduced at Singh's hearing left ambiguous whether or not they would instead remain in the United States with their mother. Nevertheless, we review the IJ's assessment that even if his children relocated to India, Singh has not made the requisite showing of hardship.

The agency correctly concluded that the asserted medical hardship to Singh's children does not qualify him for cancellation relief. The IJ weighed Singh's testimony that both his children take allergy medications, but explained that there was insufficient evidence that those medications would be unavailable in India. Singh submitted no documentation concerning his son's dust-

---

[3] The IJ assumed that Singh was credible, *see* Certified Administrative Record ("CAR") 264, a determination we do not disturb. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (explaining we generally defer to an agency's credibility determinations).

triggered allergies, but testified that they are "not that bad." Certified Administrative Record ("CAR") 260–61. And Singh produced no evidence that either child had recently been hospitalized because of an adverse medical event. We concur with the agency that based on these facts, Singh has not established that his children would face medical challenges "substantially beyond the ordinary hardship" following his removal. *Garcia Carrera*, 117 F.4th at 12 (citation omitted).

Likewise, the agency correctly determined that Singh has not met the statutory standard as to his claims of financial and education-related hardship. The IJ considered Singh's claims that work would be difficult to find in India, but noted that Singh failed to "provide[] any evidence that he could not find similar employment in India" and that "there is no indication that he is unable to work in India." CAR 269–70. And notwithstanding his children's lack of fluency in Punjabi, Singh did not "demonstrate[] that the children would be unable to access schooling" or be "prevented from learning Punjabi" if they were to return to India. *Id*. at 269.

Under the deferential review we accord the agency's application of the "exceptional and extremely unusual hardship" standard to these facts, *see Wilkinson*, 601 U.S. at 225, we conclude that Singh has not met his burden of demonstrating eligibility for cancellation of removal.

## II.     Singh's Fifth Amendment Challenge

"To establish a violation of due process" under the Fifth Amendment, a petitioner must show "that [he] was denied a full and fair opportunity to present [his] claims" or "that the IJ or BIA otherwise deprived [him] of fundamental fairness." *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (citation omitted). Singh's cursory assertion that "[r]eturning him to India would be a denial of due process of law as guaranteed by the Fifth Amendment to the U.S.

5

Constitution," *see* Pet. 23–24, does not suffice.    Failure to obtain one's preferred legal outcome does not, without more, constitute a cognizable due-process violation.

* * *

We have considered Petitioner's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6