Ramirez Lopez v. Bondi

BIA
Pierro, IJ
A205 106 428

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-five.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> *Circuit Judges.*[*]

---

VICTOR MANUEL RAMIREZ LOPEZ,
> *Petitioner,*

v.                                                            24-2354

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

---

FOR PETITIONER:                    Jon E. Jessen, Law Offices Jon E. Jessen, LLC, Stamford, CT.

---

[*] This case was originally assigned to a three-judge panel, but one member of the panel was unable to participate in consideration of the matter. The remaining members of the panel, who are in agreement, have decided this case pursuant to Second Circuit Internal Operating Procedure E(b).

**FOR RESPONDENT:** Brett A. Shumate, Assistant Attorney General, Civil Division, Rebecca Hoffberg Phillips, Senior Litigation Counsel, Jennifer P. Williams, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Victor Manuel Ramirez Lopez, a native and citizen of Guatemala, seeks review of an August 9, 2024, decision of the BIA affirming the January 14, 2020, decision of an Immigration Judge ("IJ") denying his application for cancellation of removal under 8 U.S.C. § 1229b(b). *In re Victor Manuel Ramirez Lopez*, No. A205 106 428 (B.I.A. Aug. 9, 2024), *aff'g* No. A205 106 428 (Immig. Ct. N.Y. City Jan. 14, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

## I.    Hardship Determination

Nonpermanent residents like Ramirez Lopez may have their removal cancelled if, as relevant here, they "establish[] that removal would result in exceptional and extremely unusual hardship" to a qualifying relative—here, Ramirez Lopez's U.S.-citizen children.

2

8 U.S.C. § 1229b(b)(1)(D). Under the BIA's precedents, this hardship "must be substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quotation marks omitted); *Garcia Carrera v. Garland*, 117 F.4th 9, 12 (2d Cir. 2024). In assessing hardship, the agency considers "the ages, health, and circumstances of qualifying lawful permanent resident and United States citizen relatives," including how "[a] lower standard of living," diminished educational opportunities, or adverse conditions in the country of removal might affect the relatives. *Monreal-Aguinaga*, 23 I. & N. Dec. 56 at 63; *see also In re Andazola-Rivas*, 23 I. & N. Dec. 319, 322 (B.I.A. 2002) (describing the hardship requirement as a "very high standard").

Our jurisdiction to review the agency's denial of cancellation of removal is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(B)(i), (D). A question of law includes the application of law to established facts about hardship to a qualifying relative. *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024); *Toalombo Yanez v. Bondi*, 140 F.4th 35, 39–42 (2d Cir. 2025). But it does not include the factual findings underlying a hardship determination, such as "factfinding on credibility, the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides." *Wilkinson*, 601 U.S. at 225; *see also Penaranda Arevalo v. Bondi*, 130 F.4th 325, 338–39 (2d Cir. 2025). We review the application of law to fact for clear error, which, though "less deferential to the factfinder than 'substantial evidence' review," still requires we affirm

3

unless we are "left with the definite and firm conviction that a mistake has been committed." *Toalombo Yanez*, 140 F.4th at 44 (quotation marks omitted). A question of law may also arise if the agency "totally overlook[s]" or "seriously mischaracterize[s]" evidence, *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009), or applies the wrong legal standard, *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2007). We review such pure legal questions *de novo*. *Toalombo Yanez*, 140 F.4th at 47–48.

Ramirez Lopez's assertion that the agency failed to consider all the evidence before it implicates a question of law. *See Mendez*, 566 F.3d at 323. But it is contradicted by the record. We "presume that an IJ has taken into account all of the evidence . . . unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006); *see also Toalombo Yanez*, 140 F.4th at 46. Here, the IJ stated that she considered all admitted evidence even if not explicitly referred to. Moreover, the record reflects that the IJ and the BIA considered all of the hardship evidence, which comprised Ramirez Lopez's testimony about how much time he spent with the children;[1] the absence of specific educational or health needs of the children; the custody arrangement he had with the children's mother, including his voluntary support payments; his failure to

---

[1] Ramirez Lopez argues that the IJ and the Board "did not consider the impact of separation on the children especially since he was a proactive father having custody of Victor and Kimberly during the weekdays." Appellant's Br. at 11 (citing CAR at 107). But the part of the record Ramirez Lopez cites in his brief indicates he cares for the children on *weekends*, a fact that the IJ and Board *did* explicitly consider. *See* CAR at 4, 60, 107–08.

4

adequately explain why he had not sought full custody given the children's mother's criminal history; the fact that the children would remain in the United States with their mother in the event of his removal; and a trauma therapist's letter (following a single, one-hour interview) stating that the children had expressed sadness and anxiety about his removal. Ramirez Lopez does not identify any evidence in the record that the IJ or BIA failed to consider.

The IJ also emphasized inconsistencies in the record and the lack of evidence provided by Ramirez Lopez. For example, the IJ noted that the therapist's letter said that Ramirez Lopez had "joint custody" of the children and sees them "12-15 days a month." CAR at 139. But Ramirez Lopez testified that he had them only on weekends and holidays. The IJ also found that Ramirez Lopez failed to establish that he could not continue to satisfy his voluntary financial obligations from Guatemala.

The record thus reveals that the IJ considered the relevant evidence in concluding that Ramirez Lopez had not met the high bar of establishing exceptional and extremely unusual hardship. Implicit in Ramirez Lopez's argument that the IJ did not consider all the evidence is a request for us to reweigh the evidence and reach a contrary conclusion. But the agency's factual findings are unreviewable. *See Wilkinson*, 601 U.S. at 225 ("an IJ's factfinding on . . . the seriousness of a family member's medical condition, or the level of financial support a noncitizen currently provides remain unreviewable").

Ramirez Lopez's remaining challenges are either meritless or unreviewable. He

5

contends that the agency failed to consider the impact of separation on the children, as he had custody of them on weekdays and was a proactive father. But as discussed above, the agency considered the impact on the children as described in the therapist's letter, and Ramirez Lopez testified that he saw the children on weekends and holidays, not weekdays. He further argues that the agency failed to review affidavits from people in Guatemala and country conditions evidence. However, as noted above, we presume that the IJ has considered all the evidence unless the record compels a different conclusion. *Xiao Ji Chen*, 471 F.3d at 336 n.17. Here, it does not. Ramirez Lopez testified that his children would remain in the United States with their mother, that his support payments are voluntary, and that he owns land in Guatemala worth $75,000. He has not identified any other specific record evidence supporting his position. Regardless, his argument that the agency did not consider record evidence of financial hardship is not properly before us because he did not raise it before the BIA, and the BIA found it waived.

Ramirez Lopez further contends that the agency did not adequately consider the impact of the separation on his children because they lived with him for a year when their mother was in jail. But the IJ considered these contentions in arriving at its hardship determination, as we explained above, and she found that Ramirez Lopez had not been forthcoming about important facts regarding the situation, such as the children's mother's criminal history. Moreover, the IJ's decision to afford the trauma therapist's letter limited weight is not reviewable. *Penaranda Arevalo*, 130 F.4th at 340. In any event,

6

the BIA correctly found that this argument too was waived because it was not properly raised before the agency—a finding that Ramirez Lopez does not challenge on appeal. Finally, Ramirez Lopez's assertion that the IJ did not consider evidence that he would have introduced if not for the alleged ineffectiveness of his counsel is not an argument for error; rather, it is one for the ineffective assistance of counsel, which we address below.

In sum, the record makes clear that the IJ and the BIA adequately considered the hardship evidence. After considering the evidence, both the IJ and the BIA found that the children would experience general sadness and anxiety as a result of Ramirez Lopez's separation, that they would remain in the United States with their mother, and that they had no severe health or educational needs. The IJ and BIA also found the evidence insufficient to show that Ramirez Lopez could not continue to satisfy his financial obligations in Guatemala or that his failure to do so would harm his children's wellbeing. On these unreviewable facts, we are not "left with the definite and firm conviction that a mistake has been committed." *Toalombo Yanez*, 140 F.4th at 44. We therefore see no error in the IJ's or BIA's decision

## II.     Denial of Remand for Ineffective Assistance of Counsel

We review the denial of a motion to remand for abuse of discretion, but review ineffective assistance of counsel and due process claims *de novo*. *See Paucar v. Garland*, 84 F.4th 71, 80 (2d Cir. 2023).

7

Ramirez Lopez argues that his counsel was ineffective and therefore the BIA should have remanded the matter to the IJ. To prevail on this argument, he must show that counsel's performance was "so ineffective as to have impinged upon the fundamental fairness of the hearing," and that this ineffectiveness caused him prejudice. *Debeatham v. Holder*, 602 F.3d 481, 485 (2d Cir. 2010). He must also have complied with the applicable procedural requirements by providing (1) an affidavit detailing his agreement with former counsel concerning representation, (2) proof that he notified counsel of the allegations and allowed counsel to reply, and (3) a statement explaining whether he filed a disciplinary complaint and if not, why. *Id.* at 484–85. Ordinarily, a petitioner forfeits his ineffectiveness claim by failing to comply with these procedural requirements. *Yang v. Gonzales*, 478 F.3d 133, 142 (2d Cir. 2007). We excuse such failures, however, if a petitioner substantially complies with the requirements, *Zheng v. U.S. D.O.J.*, 409 F.3d 43, 46–47 (2d Cir. 2005), or if the facts relevant to the ineffectiveness determination "are plain on the face of the administrative record," Yang, 478 F.3d at 143.

Ramirez Lopez concedes that he did not comply with any of the applicable procedural requirements. Instead, he argues that only substantial compliance is needed, and that the ineffective assistance is clear from the record given counsel's failure to call the children's mother and the trauma therapist to testify[2] and failure to clarify Ramirez

---

[2] As the Government points out, this argument regarding the therapist is unexhausted because Ramirez Lopez did not raise it before the BIA. *See Punin*, 108 F.4th at 124.

Lopez's financial situation in Guatemala and why he did not seek custody of the children. Contrary to his contentions, the alleged ineffective assistance of his counsel is not clear on the face of the record. Absent compliance with the procedural requirements, it is not known what steps counsel may have tried to take or what information Ramirez Lopez gave him.

Moreover, Ramirez Lopez has failed to establish prejudice. Prejudice requires "a *prima facie* showing that, but for counsel's ineffectiveness, he would have been eligible for . . . relief, and could have made a strong showing in support of his application." *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (quotation marks omitted). Ramirez Lopez argues that his children's mother's testimony would have demonstrated that his removal would result in psychological harm to the children. But he does not identify what her testimony would have been, nor does he explain what he would have said regarding his financial situation in Guatemala or why he did not seek custody of the children. In light of these omissions, Ramirez Lopez has not shown that the outcome would have been different but for counsel's allegedly deficient performance. *See Debeatham*, 602 F.3d at 486. His failure to establish prejudice is dispositive of both his ineffective assistance claim and his related claim that he was denied due process because he did not have an opportunity to fully present his case. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

9

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

10